UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFSHORE LIFTBOATS, LLC | CIVIL ACTION |
| VERSUS | NO: 24-1632 |
| GOL, LLC | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is the defendant's, GOL, LLC, ("Defendant") Motion for Judgment on the Pleadings, R. Doc. 20. For the following reasons, the motion is **DENIED**.

## BACKGROUND

This case concerns the alleged breach of a brokerage agreement. The plaintiff is Offshore Liftboats, LLC, ("Plaintiff"), an operator of crewed vessels for marine transportation in support of oil and gas production. R. Doc. 20-2 at p. 1. Plaintiff contracted with Defendant, a boat broker, to broker Plaintiff's vessels to charterers. R. Doc. 5 at pp. 2–4. In this signed brokerage agreement ("the Brokerage Agreement"), Defendant agreed to obtain charters for Plaintiff on a job-by-job basis in exchange for a broker's fee, a fixed percent of the charter hire. R. Doc. 20-2 at pp. 1–3. Any charterers would pay the charter hire to Defendant who then was required to remit the net charter hire, the total charter hire minus the broker's fee, to Plaintiff within fifteen business days after payment. *Id.* at p. 1. But key to this suit is the following provisions:

> "Under no circumstances shall Broker [Defendant] be responsible to Operator [Plaintiff] for the Charterer's non-payment of charter hire. Broker [Defendant] agrees to undertake all reasonable efforts to collect charter hire from the Charterer. Operator [Plaintiff] retains the right to act on its own behalf in order to collect unpaid invoices directly from the Charterer."

*Id.* at p. 1.

1

Plaintiff sued Defendant for breach of contract arguing Defendant violated its contractual duty to undertake all reasonable efforts to collect the charter hire. R. Doc. 5. Defendant arranged for Cox Operating, LLC ("Cox") to charter Plaintiff's vessels. *Id.* at p. 2. Plaintiff performed work for Cox. *Id.* But at some point, Cox began to stop paying its vendors, including Defendant. Plaintiff alleges Defendant became aware of Cox's non-payment predicated on imminent bankruptcy in mid-2022. *Id.* Plaintiff contends it wrote to Defendant on November 16, 2022, about non-payment but received no response. *Id.* at p. 4. Despite Defendant's knowledge of non-payment, Plaintiff asserts Defendant allowed Cox's unpaid charter hire to balloon to $3,339,343.78 for outstanding invoices owed to Plaintiff. *Id.* at p. 5.

On or about May 14, 2023, Cox filed for bankruptcy in the United States Bankruptcy Court, Southern District of Texas (the "Cox Bankruptcy"). *Id.* Contending Defendant's liens were incomplete and late,[1] Plaintiff filed liens against Cox and a Proof of Claim in the Cox Bankruptcy for the unpaid invoices. *See* R. Doc. 5 at p. 4 (alleging Plaintiff filed liens against Cox); R. Doc. 20-2 at pp. 3–8 (proof of claim).[2] Plaintiff claims Defendant's failure to file a lien evidences a breach of its duty to undertake reasonable efforts to collect the charter hire and resulted in over $50,000 in unanticipated legal fees and filing costs. R. Doc. 5 at p. 4. Therefore, Plaintiff's breach claim seeks to recover $3,339,343.78 in damages from Defendant's alleged failure to undertake all reasonable efforts to collect the charter hire. *Id.* at p. 5.

---

[1] Plaintiff also asserts Defendant improperly included two of its invoices, totaling $157,320 and $374,531.48, in its Proof of Claim in the Cox Bankruptcy. R. Doc. 5 at p. 5.
[2] Plaintiff does not dispute it filed a Proof of Claim. Indeed, it argues Defendant's initial failure to file a proof of loss for the entire charter hire is evidence Defendant did not take all reasonable efforts to recover the charter hire. R. Doc. 23 at p. 3 ("[Plaintiff] then had to file its own proof of loss in the Cox bankruptcy at significant expense . . ..")

At bar is Defendant's motion for judgment on the pleadings. R. Doc. 20. Defendant seeks full dismissal arguing the Brokerage Agreement makes clear that "[u]nder no circumstances" shall it be responsible for Cox's non-payment of the charter hire. R. Doc. 20-1 at pp. 4–5. It also argues there was no breach for non-payment because Plaintiff exercised its "right to act in its own behalf in order to collect unpaid invoices" by filing a Proof of Claim and liens before Defendant. *Id.* at pp. 5–9. Alternatively, Defendant seeks judgment for Plaintiff's claim to the extent it seeks to recover for charter hire owed by Cox. *Id.* at p. 5.

Plaintiff does not dispute the Brokerage Agreement's language and acknowledges Cox did not pay the outstanding invoices. *See* R. Doc. 23 at p. 2. However, Plaintiff argues that its breach of contract claim is not based on Cox's non-payment of the charter hire. *Id* at pp. 6–8. It contends Defendant's obligation to undertake all reasonable efforts to collect the charter hire is a separate contractual duty. *Id*. And it claims that its alleged damages, $3,339,343.78, is traceable to Defendant's failure to use all reasonable efforts to collect the charter hire thereby allowing it to rise to over $3.3 million. *Id.* at p. 10.

## LAW & ANALYSIS

To start, the Court must determine the appropriate standard of review. Plaintiff argues the Court should convert this Rule 12(c) motion for judgment on the pleadings into a motion for summary judgment under Rule 56 because Defendant's motion relies on the Brokerage Agreement and 208 pages of unattached, unreferenced exhibits. R. Doc. 23 at pp. 4–5. While the Brokerage Agreement can be considered in this Rule 12(c) motion, all other materials, including when and how Defendant filed a proof of claim in the Cox Bankruptcy, are excluded.

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is

3

subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In ruling on a 12(c) motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019). However, the Court may also consider documents attached to a 12(c) motion without converting the motion into one for summary judgment, if the documents are "referred to in the complaint and are central to the plaintiff's claim." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 370 (E.D. La. 2021) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)). The Brokerage Agreement can be considered because it is referenced throughout Plaintiff's complaint and amended complaint, *see* R. Doc. 1 at pp. 2– 4 and R. Doc. 5 at pp. 2–4, and Plaintiff's claim is predicated on an alleged breach of the Brokerage Agreement.

All other attached documents in Defendant's motion are outside the pleadings and must be excluded from this 12(c) motion. *See* R. Doc. 20-2. They concern Defendant's attempts to collect the charter hire through liens and a Proof of Claim in the Cox Bankruptcy. *Id.* While Defendant's collection attempts are relevant to determine its measures to collect the charter hire, they were not referenced in Plaintiff's complaint and are therefore outside the pleadings. When matters outside the pleadings are presented in a Rule 12(c) motion, "the court has 'complete discretion' to exclude them." *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)). Even if the Court could consider these exhibits, it would not do so because such documents attempt to refute Plaintiff's factual allegations which are neither appropriate nor necessary to resolve this motion. Thus, the Court elects to maintain this motion as a motion for judgment on the pleadings.

In deciding a 12(c) motion, the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Doe*, 528 F.3d at 418. It "accepts all well-pleaded facts as true." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citation omitted).

Turning to the merits, the Court will deny the motion because it is premature to grant Defendant relief at this stage. Plaintiff has stated a breach of contract claim that warrants discovery.

The elements of a breach-of-contract claim under federal maritime law are (1) a contract between the parties; (2) a breach of that contract; and (3) damages. *FEC Heliports, LLC v. Hornbeck Offshore Operators, LLC*, 2016 WL 5678557, at *5 (E.D. La. Oct. 3, 2016) (citation omitted). "[A] party that breaches a contract is liable for the damages caused by its failure to satisfy its contractual obligations." *Tidewater Marine, Inc. v. Sanco Int'l, Inc.*, 113 F. Supp. 2d 987, 999 (E.D. La. 2000) (citing *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 189 (5th Cir. 1980)).

Each element is satisfied. First, the parties do not dispute that the Brokerage Agreement is a contract. Second, the Brokerage Agreement creates a duty for Defendant to use "all reasonable methods to undertake all reasonable efforts to collect charter hire from the Charterer." R. Doc. 20-2 at p. 1. Plaintiff alleges Defendant, for example, breached that duty by not seeking liens at the time it became aware of Cox's insolvency and thereby caused the unpaid charter hire to rise to over $3 million. R. Doc. 5 at pp. 3–4. That is enough to state a breach. Defendant's reliance on the provision that allows Plaintiff to collect unpaid invoices directly from a charterer does not allow the Court to conclude at this stage that Defendant was excused from its obligation to exercise all

reasonable measures to collect the charter hire. Indeed, Plaintiff has alleged otherwise. Because Defendant did not seek liens at the time it knew Cox could not pay, the charter hire increased, and Plaintiff also incurred over $50,000 in legal expenses and fees. *Id.* The Court is required to accept Plaintiff's well-pleaded factual allegations as true, and judgment can only be granted if there are no disputed issues of fact. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Defendant also does not cite to any caselaw that suggests its conduct is reasonable as a matter of law.

To be sure, the Brokerage Agreement does state "under no circumstances shall Broker [Defendant] be responsible to Operator [Plaintiff] for the Charterer's [Cox] non-payment of charter hire." R. Doc. 20-2 at p. 1. But Plaintiff's allegations go beyond Cox's non-payment. Rather, Plaintiff alleges it suffered $3,339,343.78 in damages because Defendant allowed the charter hire to increase to over $3 million. R. Doc. 5 at pp. 4–6. True, Cox had an independent duty to pay the charter hire ultimately due to Plaintiff. And "under no circumstances" can Defendant be held responsible for Cox's mere non-payment of the charter hire. However, Plaintiff attributes its damages to Defendant's failure to use reasonable measures to collect the charter hire, not Cox's non-payment. *Id*. This is enough to state damages against Defendant because "[i]t is fundamental contract law that a party that breaches a contract is liable for the damages caused by its failure to satisfy its contractual obligations." *Cent. Boat Rentals, Inc. v. Pontchartrain Partners, LLC*, 744 F. Supp. 3d 635, 639–640 (E.D. La. 2024) (citation omitted). Defendant is free to move for summary judgment should discovery reveal Plaintiff's claimed damages are ultimately not traceable to this alleged breach.

The Court notes its decision is consistent with *Gulf Offshore Logistics, L.L.C. v. Seiran*

*Expl. & Prod. Co*. which involved the same parties and the same brokerage agreement. No. CIV.A. 11-1788, 2015 WL 1125140 (E.D. La. Mar. 12, 2015). There, as here, Defendant made identical arguments, mainly that it was entitled to judgment on the pleadings because the Brokerage Agreement provided "under no circumstances shall Broker [Defendant] be responsible to Operator [Plaintiff] for the Charterer's [] non-payment of charter hire." *Id.* at *5. The *Seiran* court denied Defendant relief because Plaintiff "represent[ed] that it need[ed] to engage in discovery to ascertain whether [Defendant] took all reasonable efforts to collect from [Charterer] and made all required payments to [Plaintiff]." *Id.* The same is true here, and discovery is needed to determine breach and damages. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings, R. Doc. 20, is **DENIED**.

New Orleans, Louisiana, this 12th day of September 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE